CLAIRE J. WHITE *vs.* MATTHEW H. WHITE.

AUGUST 4, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case is before us on respondent's bill of exceptions to the decision of a justice of the superior court granting petitioner's motion to expunge from the records of the proceedings a certain jacket entry or order purporting to have discontinued the petition.

The pertinent facts disclosed by the record are as follows. Petitioner filed her petition in the superior court seeking a divorce from the respondent on the ground of gross misbehavior and asking for custody of the minor child of the parties. On October 10, 1946 after hearing in that court upon the merits, an interlocutory decree was entered

divorcing the petitioner from the bond of marriage and from the respondent on the ground of gross misbehavior. That decree awarded custody of their minor child to the petitioner and further ordered that respondent pay to petitioner $200 weekly for her support and the sum of $50 weekly for the support of the child.

Following the expiration of six months after October 10, 1946 but within the thirty-day period thereafter during which the petitioner could have caused a final decree to be entered *ex parte,* respondent on April 22, 1947 filed a motion which stated that on April 11, 1947 six months had elapsed since the entry of the interlocutory decree; that a final decree could thereafter have been entered; and that petitioner had not only failed to enter such decree but had stated that she did not intend to enter it. The motion prayed that "final decree be entered in this case, or that the petition be discontinued." With said motion the respondent's attorney filed an affidavit stating that he had left at the office of the attorney who represented petitioner at the divorce hearing a copy thereof together with a notice that such motion would be called for hearing on the motion calendar of the superior court on April 25, 1947.

This motion was placed on the motion calendar for April 25, 1947 and a notation thereon indicates that on that day it was marked "Passed." On June 20, 1947 the clerk of the superior court made an entry on the jacket containing the papers in said cause which reads as follows: "1947 June 20 Quinn J. Pet. is discontind." According to the clerk's testimony there is no record in his minute book that the motion was on the calendar for hearing on that day or that it was then in fact heard.

No stipulation was filed by the parties and no decree of any kind was signed by a justice indicating that the court had actually discontinued petitioner's petition. The petitioner claimed no knowledge of the hearing on the motion for discontinuance and was not in court on June 20, 1947. The records of the clerk of the superior court indicate

that petitioner's counsel was not present. The latter testified, however, that he was present at that hearing and did not agree to the discontinuance but merely told the court that his client was not present. Counsel for respondent testified that petitioner's attorney was present and did not object to the discontinuance after respondent's counsel had stated to the court that petitioner had refused to have the final decree entered.

On June 13, 1949 petitioner filed a motion in the superior court to expunge from the record the entry or jacket order of discontinuance of June 20, 1947 and after hearing thereon a decree was entered containing the following provisions: "1. That the entry '1947 June 20 Quinn J. Pet. is Discontinued' be expunged from the record of the proceedings of the above entitled cause. 2. That the purported discontinuance of the above entitled cause is hereby vacated and declared a nullity. 3. That said cause is reinstated for further proceedings."

From that decree respondent has prosecuted a bill of exceptions to this court claiming that the decision on which such decree was entered is against the law and the evidence. At the hearing thereon before this court petitioner's counsel in effect moved that respondent's bill of exceptions be dismissed. He contended that the instant cause is not properly before us for review on a bill of exceptions; that it relates to an independent petition or motion filed after the decision on the merits of the divorce petition; that the decision on the instant motion would become final on entry of a decree; that respondent therefore should have sought such review by an appeal; and that his bill of exceptions should be dismissed.

We are of the opinion that petitioner's above contentions are sound and that respondent should have sought review in this court by appeal rather than by bill of exceptions. *Tobin* v. *Tobin*, 70 R. I. 362. Moreover we have carefully examined the transcript and we find therein no peculiar or unusual circumstances which would warrant us in making

an exception to the rule which requires that a review of such decree should come here by appeal and not by bill of exceptions. In our opinion therefore the bill of exceptions does not bring before us any question for review.

The respondent's bill of exceptions is dismissed, and the case is remitted to the superior court for further proceedings.

*James H. Higgins, Jr.*, for petitioner.

*Archambault & Archambault, Raoul Archambault, Jr.*, for respondent.